## BROWN v. RUSSELL ET AL.

*Taxation—Taxes personal debt of owner of realty—Cotenant only liable for portion chargeable to undivided interest—Assessments—Liability limited to interest when improvement legislation passed—No liability where property appropriated to pay prior liens—Order awarding execution void for uncertainty as to persons liable.*

1. Taxes levied on real estate become the personal debt of the owner of the realty, but each cotenant is only liable for that portion of the tax chargeable to his undivided interest.

2. While the owner of real estate is personally liable for lawful assessments made on his property to pay for public improvements, the limit of his liability is the extent of his interest in the property at the time of the passage of the ordinance or resolution to improve, and, where the entire property has been appropriated to the payment of prior lawful liens, no further liability exists against the owner.

3. When real estate is sold on execution, and an order of distribution made, followed by an order on the journal reading, "And for any balance remaining due to the said plaintiff, execution is awarded," such award of execution is void for uncertainty, where it is impossible to tell from the record against whom execution is awarded.

(Decided January 12, 1925.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Rhoades & Rhoades,* for plaintiff in error.

*Messrs. Tyler, Northup, McMahon & Smith,* for defendants in error.

---

[1] Taxation, 37 Cyc. p. 1232; [2] Municipal Corporations, 28 Cyc. pp. 1253, 1255; [3] Executions, 23 C. J. § 718 (Anno.).

RICHARDS, J.   This action was commenced by
Clara B. Brown for the purpose of recovering from
the executors of the last will and testament of
Noah H. Swayne, deceased, the sum of $879.25,
paid by the plaintiff on a delinquent tax sale of
certain real property in the city of Toledo.   The
trial resulted in a judgment in favor of the de-
fendants, and this proceeding in error is prose-
cuted to secure a reversal of that judgment.

On the trial of the action the plaintiff introduced
in evidence the record in a prior action brought
by her in Lucas county against certain defendants,
including Noah H. Swayne, deceased, and this was
all of the evidence introduced on the trial.   From
that record it appears that the plaintiff bid off
for the sum of $449.97 an undivided 1-5000 part
of a lot at a delinquent tax sale held on February
10, 1914, and that she subsequently paid certain
taxes on the property so struck off to her.   The
proceedings leading up to such sale were invalid,
and the plaintiff's original action was brought for
the purpose of recovering the amount paid by her,
together with interest.   She averred in that peti-
tion that at the time of levying the taxes and
assessments the premises were owned by Noah H.
Swayne and several other persons whose names
are given in the petition, and that said persons
were still the owners and holders of the legal
title to the premises.   She prayed that the court
would take an account of the amount due her, that
the liens be marshaled, the premises sold, and that
out of the proceeds arising her claim should be
paid, and for all other relief that was just and
equitable.

The defendant Noah H. Swayne and another defendant in that action filed an answer in which they set forth an itemized statement of the taxes and assessments which remained unpaid and resulted in the delinquent tax sale of the property. This statement shows that by far the greater amount was for assessments for a sidewalk and for paving Front street and macadamizing Wheeling street, and that only a small part was for taxes. The court in that case found, as appears by the record introduced in the present action, that there was due the plaintiff the amount claimed by her, and that there was due to a cross-petitioner $284.28, which was the first lien, and the court directed that an order should be issued for the sale of the premises and that the amount arising therefrom should be paid upon the claims in the order of their priority.

Proceedings in error were brought to this court from that judgment and decree, and upon due consideration the same was affirmed. Thereafter the property was appraised and advertised for sale, but after being offered on separate occasions, and not sold for want of bidders, it was reappraised; the value on the second appraisal being fixed at $1,000. The property was thereupon again offered for sale, and was bid in for $667 by the plaintiff, but the deed was executed to the cross-petitioner, E. O. Brown. The record discloses that the entire amount realized on the purchase price of the property was exhausted in the payment of taxes, costs, and the prior claim of the cross-petitioner.

Because of her failure to realize on her claim

on the sale of the property in the former action, she brings this action; the only defendants being the executors of Noah H. Swayne, deceased. She made out and presented to the executors a statement of her claim, but the same was rejected, and she now demands a personal judgment for the amount claimed to be due her.

It is insisted on behalf of the defendants that no personal liability exists for the payment of either taxes or assessments, and this contention is doubtless true under the rules of the common law. We cannot, however, assent to this view in Ohio by reason of certain statutory provisions. It was held in *Creps* v. *Baird,* 3 Ohio St., 277, that taxes due upon lands are a personal debt of the one in whose name the lands are listed when the taxes accrue. This conclusion was based upon a construction of the statute then in force, and, while the present statute does not read precisely like the former one, yet it does, by its plain terms, make all personal property which is subject to taxation liable to be seized and sold for taxes. General Code, Section 5671. And that section is one which fixes the lien of the state for taxes levied on real estate. The case just cited was followed and approved in *Warner, Admr.,* v. *York,* 16 Ohio Cir. Ct. R., (N. S.), 369, 31 O. C. D., 543, and the court in this latter case held that taxes upon real estate, accruing after the death of the owner, are a personal debt of the heirs. The judgment of the Circuit Court was affirmed, without written opinion, in *York* v. *Warner, Adm'r.,* 75 Ohio St., 595, 80 N. E., 1135.

However, while there would be a personal lia-

bility of owners of the real estate for the small amount of unpaid taxes in the case at bar, it does not appear from the record what interest Noah H. Swayne had in the premises involved other than that he had an undivided interest as a tenant in common with numerous other co-owners. Certainly no liability rested upon him to pay the taxes of his cotenants, and, having no means of ascertaining from the record the extent of the title owned by him, it is impossible to find the amount for which his executors would be liable. The general judgment rendered for the defendants in the court of common pleas may have been based upon the inability of the trial court to ascertain what amount of taxes, if any, was the proper charge against the decedent.

We come now to the question of the liability of the executors to the plaintiff for assessments for the various street and sidewalk improvements, the cost of which was assessed upon the property.

General Code, Section 3897, provides that special assessments shall be payable by the owners of the property assessed personally, and pursuant to succeeding portions of the section. General Code, Section 3898, after authorizing a civil action in any court of competent jurisdiction for the purpose of recovering unpaid assessments, contains this limitation:

"But the owner shall not be liable, under any circumstances, beyond his interest in the property assessed, at the time of the passage of the ordinance or resolution to improve."

This section of the General Code was former Revised Statutes, Section 2286, and has existed

in its present form at least from the year 1880, and was in force at the time the assessments involved in the action at bar were levied, and at the time the action was brought. In the case at bar the entire property has been appropriated to the payment of costs and prior liens by way of taxes and assessments. As already stated, we do not know what the interest of Noah H. Swayne was in the property, but, whatever it was, it was exhausted before this action was brought. By virtue of the provisions of the statute just cited no further liability rests against him or his executors on account of the special assessments.

Another aspect of this case requires consideration. The plaintiff in her petition avers the rendition of a judgment in her favor at the April term, 1921. What she in fact secured at that term was a finding of the amount due her and an order that the premises be sold and the proceeds applied to the payment of the claims. About a year and a half afterwards, on November 22, 1922, the premises having been sold by the sheriff, an order of distribution was made, and at the close of that order we find this language: "And for any balance remaining due to the said plaintiff, execution is awarded."

It is contended, under the authority of *Doyle* v. *West,* 60 Ohio St., 438, 54 N. E., 469, and *Weenick* v. *Slutz,* 98 Ohio St., 342, 121 N. E., 643, that this language amounts to the rendition of a judgment, and that the present action may well be founded thereon.

Passing the question that the judgment which is pleaded by the plaintiff was of the date of the

April term, 1921, and that the entry now under consideration was several terms thereafter, and passing also the ancient rule that the issues are defined by and confined to the pleadings, we direct attention to the uncertainty and ambiguity of the language quoted. By its terms execution is awarded, but against whom? If awarded against all of the defendants, then it would be against some who were wives of some of the tenants in common, and some who were husbands of tenants in common, and some who were only served by publication, and against whom no personal judgment could, of course, be rendered. If the execution is awarded against a portion only of the defendants, which of the defendants was it awarded against? Such of the defendants as owned interests in the real estate owned unequal shares therein. When this language attempting to award execution is construed in connection with the remaining portions of the record, it becomes apparent that as an award of execution it is void for uncertainty as to the persons liable.

In this connection we call attention to the fact that the entry bears date of November 22, 1922, which was subsequent to the death of Noah H. Swayne, whose executors are now sought to be held liable, although the original action was not revived against them, either before or after the rendition of the alleged judgment. A judgment against a defendant who is deceased prior to its rendition can be no more than a nullity.

It is unfortunate that the investment of the plaintiff in the tax title resulted as it has, but it would be an instance of great injustice if one who

was the owner of an undivided interest in real estate, the entire property being taken for the payment of taxes and assessments, should still remain personally liable beyond the value of the property for other taxes and assessments, and these, too, taxes and assessments charged not only against his interest, but against the interest of his co-owners.

Finding no error, the judgment will be affirmed.

*Judgment affirmed.*

CHITTENDEN and YOUNG, JJ., concur.